### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CALEB KING, *Plaintiff*, v. HOWARD LUTNICK, *Defendant*. | Civil Action No. 24-1749 (SLS) Judge Sparkle L. Sooknanan |

### MEMORANDUM OPINION

Caleb King, a resident of Arlington, Virginia, filed this lawsuit pro se against the Secretary of the U.S. Department of Commerce alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA).[1] Compl. at 3, ECF No. 1. Prior to his termination, Mr. King held a one-year appointment as an Administrative Manager for the Department's Decennial Census in the Area Census Office in Hartford, Connecticut. *See* Defendant's Motion to Dismiss (Def.'s Mot.) at 2, ECF No. 8. His form Complaint identifies the alleged unlawful conduct as termination from employment, the failure to accommodate a disability, unequal terms and conditions of employment, and retaliation based on race, color, gender, religion, age, and disability. Compl. at 4. The Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(3),

---

[1] The Defendant notes that Section 501 of the Rehabilitation Act of 1973, not the ADA, applies to a federal employee's claim of disability discrimination and "incorporates the standards applied under the ADA." Def.'s Mot. at 1, n.1 (citing *Ward v. McDonald*, 762 F.3d 24, 28 (D.C. Cir. 2014). Because "the analysis of the legal issues is identical in all relevant respects," *id.*, the Court construes the Plaintiff's ADA claim as one under the Rehabilitation Act.

and 12(b)(6). *See* Def.'s Mot. The Court grants the motion in part and transfers the case to the United States District Court for the District of Connecticut.

In considering a Rule 12(b)(3) motion for improper venue, courts "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Herbert v. Sebelius*, 925 F. Supp. 2d 13, 17 (D.D.C. 2013) (citations omitted). But courts need not accept as true inferences that are unsupported by the factual allegations, and it may consider material outside of the pleadings. *Id*. When venue is challenged, "the burden remains on the plaintiff to establish that venue is proper[.]" *Slaby v. Holder*, 901 F. Supp. 2d 129, 132 (D.D.C. 2012). To prevail on a Rule 12(b)(3) motion, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Herbert*, 925 F. Supp. 2d at 17.

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, "provides the exclusive judicial remedy for claims of discrimination in federal employment," *Brown v. GSA*, 425 U.S. 820, 835 (1976), and it governs "[a]ll personnel actions affecting employees or applicants for employment," 42 U.S.C. § 2000e-16(a). The ADEA "provides the exclusive remedy for a federal employee who claims age discrimination," *Chennareddy v. Bowsher*, 935 F.2d 315, 318 (D.C. Cir. 1991) (citations omitted), and the Rehabilitation Act provides the "exclusive remedy" for a federal employee claiming disability discrimination, *Rand v. Geithner*, 609 F. Supp. 2d 97, 100 (D.D.C. 2009) (citing 29 U.S.C. § 791).

In Title VII and Rehabilitation Act cases, venue is not determined under the general venue statute, 28 U.SC. § 1391. *See, e.g.*, *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 86 (D.D.C. 2014) (noting that the general venue provision does not govern in Title VII cases); *Troster v. Garland*, No. 20-cv-3584, 2021 WL 5865447, at *3 (D.D.C. Dec. 10, 2021) (same in Rehabilitation Act cases). Rather, Title VII's special venue provision governs. *See Daniels v. Wilkie*, No. 17-cv-1543, 2018

2

WL 2324085, at *3 (D.D.C. May 22, 2018) (citation omitted). Under that provision, venue is proper

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). "Venue is proper if at least one of the section 2000e-5(f)(3) prongs is satisfied." *Alessa v. Harker*, No. 20-cv-1320, 2021 WL 5911180, at *3 (D.D.C. Mar. 31, 2021) (citations omitted).

Mr. King's filings contain no facts plausibly establishing the District of Columbia as the proper venue under Section 2000e-5(f)(3). None of the relevant events occurred in the District of Columbia; the relevant record does not appear to be maintained in the District of Columbia; and nothing suggests that Mr. King would have worked in the District of Columbia but for the Defendant's alleged unlawful employment practices. *See* 42 U.S.C. § 2000e-5(f)(3). In fact, the Defendant attests that the Census Office that employed Mr. King "reported to the New York Regional Census Center," and that Mr. King's "employment records are stored in New York[.]" Decl. of Dawn Washington ¶¶ 5-6, ECF No. 11-1. And Mr. King's veiled references to contacts he may have had with the Census Bureau's EEO Office and the Office of Personnel Management in Washington, D.C., *see* Plaintiff's Opposition at 6, ECF No. 10, are irrelevant. *See Herbert*, 925 F. Supp. 2d at 20 ("Courts in this district have rejected the argument that the location where plaintiff's EEO complaints were initiated and processed provides a basis for venue[.]" (cleaned up)). Venue in this judicial district is thus improper for Mr. King's Title VII and Rehabilitation Act claims.

Venue in ADEA cases is determined under the general venue provision. *In re O'Leska*, No. 00-5339, 2000 WL 1946653, at *1 (D.C. Cir. Dec. 7, 2000) (per curiam) (citing *Rebar v. Marsh*, 959 F.2d 216 (11th Cir. 1992)). Thus, an ADEA claim "against an officer or employee of the United States acting in his official capacity may be brought where (1) a defendant in the action resides, (2) a substantial part of the events giving rise to the claim arose, or (3) the plaintiff resides." *Id.* (citing 28 U.S.C. § 1391(e)). "[T]he plaintiff may choose from among [these] three alternative forums where venue is proper." *Lamont v. Haig*, 590 F.2d 1124, 1128 (D.C. Cir. 1978). Here, Mr. King's filings establish the District of Columbia as a proper venue. Although none of the relevant events occurred in the District of Columbia and Mr. King resides in Arlington, Virginia, the Defendant resides in Washington, D.C., where the Department is headquartered.

When "venue [is laid] in the wrong [judicial] district," a district court has two options. 28 U.S.C. § 1406(a). It "shall dismiss, or if it be in the interest of justice, transfer such case" to a district "in which it could have been brought." *Id.* And even when venue is proper, a case may be transferred "[f]or the convenience of parties and witnesses in the interest of justice[.]" 28 U.S.C. § 1404(a). *See Liu v. Mayorkas*, 737 F. Supp. 3d 1, 4 (D.D.C. 2024) ("Sections 1404(a) and 1406(a) are mutually exclusive, with Section 1404(a) governing the analysis when venue in the original district is proper[,] and Section 1406(a) controlling when the original venue is improper."). Where, as here, venue is proper for certain claims but improper for others, courts routinely transfer the case to a judicial district where venue is proper for all of the claims. *See, e.g.*, *In re O'Leska*, 2000 WL 1946653, at *1 ("It is in the interest of justice to transfer the entire complaint" asserting Title VII and ADEA claims "rather than have it heard in two different venues."); *Webster v. Mattis*, 279 F. Supp. 3d 14, 19 (D.D.C. 2017) ("Courts have consistently transferred cases that raise both Title VII and ADEA claims to courts where venue is proper for both claims." (citations omitted)).

Here, the Court finds the interest of justice best served by transferring this case to the District of Connecticut—the judicial district (1) where the alleged discrimination occurred, (2) where Mr. King would have worked but for the alleged unlawful practice, (3) where all claims could have been brought, and (4) where witnesses are likely to be found. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (Section 1404(a) "place[s] discretion in the district courts to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."); *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009) (noting that "[c]ourts generally favor transfer over dismissal," and that "[t]his is especially true" for pro se plaintiffs). And transfer "would not prejudice the [Defendant's] position on merits." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983).

For these reasons, the Court grants in part the Defendants' Motion to Dismiss, ECF No. 8, and transfers the case to the United States District Court for the District of Connecticut.

A separate order will issue.

                                                                           _____
SPARKLE L. SOOKNANAN
United States District Judge

Date: July 15, 2025